# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK BRETT,**
      **Plaintiff,**

**-vs-**                **Case No. 6:08-cv-74-Orl-18DAB**

**NATIONAL VOTER OUTREACH,**
**STATE OF FLORIDA,**
**UNIVERSITY OF CENTRAL FLORIDA,**
**CITY OF ORLANDO,**
**STEVE DRATTEL,**
**CANGERMAN AND CENTERPIT,**
**HERDON LIBRARY,**
**DOWNTOWN ORLANDO LIBRARY,**
**BABY DOLLS,**
**THE DOLL HOUSE,**
**CRYSTAL CABARET,**
**DIAMOND CLUB,**
**HARRY GEISSINGER, III,**
**BRENT VASHER,**
**GUNTHER VOLKSWAGON,**
**UNKNOWN ATTORNEY,**
      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**   **January 16, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

As with several prior actions brought by this Plaintiff,[1] Plaintiff seeks to proceed *in forma pauperis* on a complaint that does not appear to state any recognizable cause of action, let alone a cause of action within the limited jurisdiction of federal court. The complaint, which inexplicably begins with Count 11, sets forth a litany of seemingly unrelated events, fails to identify any Defendant with sufficient particularity to establish jursidiction, and fails to set forth any recognizable wrong capable of redress by this Court. For example, Count 11 reads, in its entirety:

> On 11/23/07 several strippers from The Doll House in Orlando where I have been too. Came to the Florida Mall. Both were Blondes. Black Tuscany -

---

[1] *See, for example,*  6:07cv1500-Orl-31DAB; 6:07cv1919-Orl-19GJK; 6:07cv2023-Orl-31GJK.

(Doc. No. 1 at 2). Although there are vague references to "1st Amendment rights to privacy" and "violations of my civil rights," there is no factual or legal basis pled for any such claim. In large measure, the complaint is simply impossible to decipher.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED without further notice if he fails to file an amended complaint** in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 18, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy