# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FRANK BRETT,**

                         **Plaintiff,**

**-vs-**                                             **Case No.  6:08-cv-74-Orl-28DAB**

**NATIONAL VOTER OUTREACH,**
**STATE OF FLORIDA,**
**UNIVERSITY OF CENTRAL FLORIDA,**
**CITY OF ORLANDO,**
**STEVE DRATTEL,**
**CANGERMAN AND CENTERPIT,**
**HERDON LIBRARY,**
**DOWNTOWN ORLANDO LIBRARY,**
**BABY DOLLS,**
**THE DOLL HOUSE,**
**CRYSTAL CABARET,**
**DIAMOND CLUB,**
**HARRY GEISSINGER, III,**
**BRENT VASHER,**
**GUNTHER VOLKSWAGON,**
**UNKNOWN ATTORNEY,**

                         **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 5)** |
| **FILED:** | **January 23, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This unsigned document purports to be an amended application for pauper status, and includes what the Court construes as an Amended Complaint (also unsigned).  While more details are provided, this document suffers from the same defects detailed in the prior Report and Recommendation, namely  a lack of a cognizable cause of action against a recognizable defendant within the limited jurisdiction  of this Court (Doc. No. 4).[1]

For example, Count One of this document purports to be against  National Voter Outreach and its employees and reads, in its entirety:

> Count #1. National Voter Outreach and its employees Steve Dattel, Kikin Connie, 2 Unknown Brothers and their 2 employees Jeff and Bill who drive a white chevy van Fl. Plates 996-INZ.  They knowingly committed over 2 thousand counts of voter fraud. This occurred from 10/1/07 until 12/31/07.

In subsequent counts, it appears that Plaintiff is complaining that this entity (if, in fact, it is a legally cognizable association) did not properly obtain petition signatures.  There is no showing that these defendants (to the extent they are identified) are properly sued in this jurisdiction, or that Plaintiff has any standing to sue for "voter fraud."  The remaining counts, to the extent they are legible, appear to set forth Plaintiff's belief that he was "harassed" and followed by myriad loosely identified people for unidentified purposes, or set forth various other activities which do not appear to be actionable.  *See*, e.g., Count 11, which reads:

> On Friday 11/23/07 several strippers from the Doll House in Orlando where I have been too.  Came to the Florida Mall.  Both were Blondes.  Black Tuscany - Florida Plates.

---

[1] As noted in the prior Report, Plaintiff has filed several prior actions in this Court. *See, for example,*  6:07cv1500-Orl-31DAB; 6:07cv1919-Orl-19GJK; 6:07cv2023-Orl-31GJK.

As before, Plaintiff asserts various "civil rights" violations, apparently committed by private citizens who invaded his "privacy."  Although Plaintiff purports to sue the City of Orlando, the State of Florida, the University of Central Florida, as well as the Library, there are no decipherable allegations of any state action or state actor, sufficient to state a cognizable civil rights claim.  When these entities do appear in the Complaint, it is not in connection with any recognizable actionable activity.  *See* Count 19, which provides solely the following:

> Orlando Sheriff Dept., Sanford Police Dept, State Police Barracks of Orlando, Seminole County Sheriff Dept., Orlando Police Dept., Orlando Dept. of Corrections with Officer White.  33rd Street Jail People on Bus 39 at 7 p.m. from Courtesy Chevy who work 2 men were in 33rd Street Jail. Other white guy so.

It is clear that the current document, to the extent it purports to be an amended complaint, is frivolous and the application to proceed in forma pauperis must therefore be denied.

The docket reflects that Plaintiff has also filed numerous additional papers (most unsigned), which are also largely unintelligible, but appear to assert that Plaintiff was employed by National Voter Outreach and has not been paid properly (Doc. Nos. 6-12).  To the extent the Plaintiff may actually have a recognizable cause of action within the jurisdiction of this Court under the Fair Labor Standards Act, it is  recommended that Plaintiff receive one final opportunity to set forth some claim within the limited jurisdiction of  this Court, by filing an Amended Complaint.  Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim" showing that the pleader is entitled to relief.

Accordingly, it is respectfully **RECOMMENDED** that the instant motion, and Documents 6 through 12 (to the extent they are motions to add counts or relief) be **denied** and Plaintiff's case be

**DISMISSED** without further notice if he fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2008.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

-4-