# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANK BRETT,**
                **Plaintiff,**

**-vs-**                                          **Case No. 6:08-cv-74-Orl-28DAB**

**NATIONAL VOTER OUTREACH,**
**STATE OF FLORIDA,**
**UNIVERSITY OF CENTRAL FLORIDA,**
**CITY OF ORLANDO,**
**STEVE DRATTEL,**
**CANGERMAN AND CENTERPIT,**
**HERDON LIBRARY,**
**DOWNTOWN ORLANDO LIBRARY,**
**BABY DOLLS,**
**THE DOLL HOUSE,**
**CRYSTAL CABARET,**
**DIAMOND CLUB,**
**HARRY GEISSINGER, III,**
**BRENT VASHER,**
**GUNTHER VOLKSWAGON,**
**UNKNOWN ATTORNEY,**
                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (Doc. No. 25)**
>
> **FILED:**    **March 4, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as the tendered complaint is frivolous, as a matter of law.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 28)** |
| **FILED:** | **March 4, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the matter be dismissed**.

Plaintiff, appearing *pro se*, filed a motion to appear *in forma pauperis,* in order to pursue this action against numerous entities and individuals relating to a series of vague assertions and events. The undersigned recommended that the motion be denied as the complaint was "impossible to decipher," and Plaintiff amended the motion, including an unsigned paper which the Court construed as an Amended Complaint. *See* Doc. Nos. 1, 4, 5 and 16. This Amended Complaint fared no better, and, on February 15, 2008, the District Court, pursuant to the undersigned's recommendation, denied the amended application, giving Plaintiff eleven days in which to file a complaint that set forth a cognizable claim within the jurisdiction of this Court (Doc. No. 24). The District Court held that "[f]ailure to file an amended complaint within the time allowed, or that fails to meet the guidelines set forth in the two Reports and Recommendations, will result in the dismissal of this action without further notice." Doc. No. 24 at 2). Plaintiff failed to timely file such a document, but, on March 4, 2008, filed in the night box of the Clerk the instant motion to allow the filing of an amended complaint. The Clerk has filed the unsigned [Second] Amended Complaint (Doc. No. 26), along with the application to proceed as a pauper.

Unfortunately, the instant complaint suffers from all of the deficiencies noted in both prior Reports. Although in prior Report, the Court had discerned a possible Fair Labor Standards Act claim for failure to pay wages, this pleading states: "I am suing for Fair Labor and Standards Act,"

but then merely re-asserts the prior allegations of "harassment" by a litany of other people (from clergy to strippers) and entities (from car dealerships to the library).  As the instant pleading still fails to provide a short and plain statement of facts supporting any cognizable or identifiable claim within the limited jurisdiction of this Court, and Plaintiff has had three opportunities in this action to do so[1] it is **respectfully recommended** that the motion to extend time be **denied,** the application to proceed *in forma pauperis* be **denied,** and the [Second] Amended Complaint be **dismissed,** as frivolous, without leave to amend.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 6, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] As noted in prior Reports, Plaintiff has filed several other *pro se* lawsuits in this division.